**BRYAN CAVE LLP**
Robert E. Boone III, California Bar No. 132780
James C. Pettis, California Bar No. 223953
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    310-576-2100
Facsimile:    310-576-2200
Email:    reboone@bryancave.com
          james.pettis@bryancave.com

**BRYAN CAVE LLP**
James Goldberg, California Bar No. 107990
Stephanie A. Blazewicz, California Bar No. 240359
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
Email:    jim.goldberg@bryancave.com
          stephanie.blazewicz@bryancave.com

Attorneys for Defendants
COUNTRYWIDE HOME LOANS, INC.,
and COUNTRYWIDE BANK, N.A.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WES WRIGHT, individually and on behalf of the general public, | Case No. C 08-02721 JL |
| Plaintiff, | (Napa County Superior Court Case No. 26-40623) |
| vs. | **NOTICE OF MOTION AND MOTION OF DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND COUNTRYWIDE BANK, N.A. TO DISMISS AND STRIKE PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(F); MEMORANDUM OF POINTS AND AUTHORITIES** |
| COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE BANK, N.A., NAPA LAND TITLE COMPANY, and DOES 1-20 | |
| Defendants. | |
| | [Filed concurrently with Request for Judicial Notice and [Proposed] Order] |
| | Date:    August 13, 2008 |
| | Time:    9:30 a.m. |
| | Courtroom:   F, 15th Floor |
| | Chief Magistrate Judge James Larson |

SM01DOCS\686262.3

1

## Table of Contents

2                                                                          **Page**

3   I.    INTRODUCTION ........................................................................... 2

4   II.   PLAINTIFF'S CONCLUSORY ALLEGATIONS ................................. 4

5   III.  ARGUMENT ................................................................................... 4

6         A.   The Court Should Dismiss Plaintiff's First Claim for Violation of
                Financial Code Section 4970 Because He Alleges No Facts Showing It
7               Applies .............................................................................................. 5

8         B.   Plaintiff's Prayer for Damages Under His Second Claim for Violation of
                TILA Should Be Stricken .................................................................. 7

9
          C.   Plaintiff's  HOEPA Allegations Should Be Stricken Because His Loan
10              Does Not Trigger HOEPA ................................................................ 8

11        D.   The Court Should Dismiss Plaintiff's Third Claim Under Section 17200
                Because It Is Based on Financial Code Sections That Are Inapplicable
12              and TILA Claims That Are Preempted ............................................ 10

13             1.   The Ninth Circuit's TILA Preemption Analysis ............................. 10

14             2.   To the Extent Based on Alleged TILA Violations, Plaintiff's
                     Section 17200 Claim is Preempted ..................................... 13
15
          E.   Plaintiff's Fourth Claim for Preliminary and Permanent Injunction Fails
16              to Allege Tender of Payment .......................................................... 15

17        F.   Plaintiff's Fifth and Sixth Claims for Intentional and Negligent Fraud
                Under Civil Code Section 1710 Fail to Plead with the Requisite
18              Specificity ......................................................................................... 16

19             1.   A Fraud Claim Must Plead "Who, What, When, Where and How" .. 16

20             2.   Plaintiff Fails to State a Claim for Fraud ........................... 17

21        G.   Plaintiff's Fraud Allegations Based on Alleged TILA Violations Are
                Preempted and Should be Stricken ................................................. 18
22
    IV.   CONCLUSION ............................................................................. 19

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

# Table of Authorities

Page

## Cases

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1990) ................................................................. 4

*Bank of Am. v. City and County of S.F.,*
  309 F.3d 551 (9th Cir. 2002) ................................................................ 10

*Cooper v. Pickett,*
  137 F.3d 616 (9th Cir. 1997) ................................................................ 15

*Coughlin v. United Van Lines,*
  362 F. Supp. 2d 1166 (C.D. Cal. 2005) ................................................. 5

*DiLeo v. Ernst & Young,*
  901 F.2d 624 (7th Cir. 1990) ................................................................ 16

*Durning v. First Boston Corp.,*
  815 F. 2d 1265 (9th Cir. 1987) .............................................................. 5

*Edwards v. Marin Park, Inc.,*
  356 F.3d 1058 (9th Cir. 2004) .............................................................. 16

*Federal Deposit Insurance Company v. Lattimore Land Corp.,*
  656 F.2d 139 (5th Cir. 1981) ................................................................ 14

*Hana Fin., Inc. v. Hana Bank,*
  500 F. Supp. 2d 1228 (C.D. Cal. 2007) ................................................. 4

*Haskin v. R.J. Reynolds Tobacco Co.,*
  995 F.Supp. 1437 (M.D.Fla. 1998) ....................................................... 16

*Karlsen v. American Savings and Loan Association,*
  15 Cal. App. 3d 112 (1971) ........................................................... 14, 15

*Krispin v. May Dep't Stores Co.,*
  218 F.3d 919 (8th Cir. 2000) ................................................................ 14

*Meyer v. Ameriquest Mortg. Co.,*
  342 F.3d 899 (9th Cir. 2003) .................................................................. 8

*Neubronner v. Milken,*
  6 F.3d 666 (9th Cir. 1993) .................................................................... 15

*Reyes v. Downey Savings and Loan Ass'n,*
  541 F. Supp.2d 1108 (C.D. Cal. 2008) ........................................... 12, 13

*Semegen v. Weidner,*
  780 F.2d 727 (9th Cir. 1985) ................................................................ 15

*Silvas v. E\*Trade Mortg. Corp.,*
  2008 U.S. App. LEXIS 1944, \*9 (9th Cir. 2008) ............................ 12, 13, 17

*Swartz v. KPMG LLP,*
  476 F.3d 756 (9th Cir. 2007) .......................................................... 16, 17

*Vasquez v. L.A. County,*
  487 F.3d 1246 (9th Cir. 2007) ............................................................ 5, 7

*Western Mining Council v. Watt,*
  643 F. 2d 618 (9th Cir. 1981) ................................................................ 5

*Wise v. Mortgage Lenders Network USA, Inc.,*
  420 F. Supp.2d 389 (E.D. Pa. 2006) ...................................................... 7

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

## Statutes

12 C.F.R. § 226.32 ............................................................................................... 8
12 C.F.R. § 560.2 ........................................................................................... 10, 13
12 C.F.R. § 560.2(a) ............................................................................................ 10
12 C.F.R. § 560.2(b) .................................................................................. 10, 12, 13
12 C.F.R. § 560.2(b)(9) ....................................................................................... 11
15 U.S.C. § 1601 ............................................................................................... 2, 7
15 U.S.C. § 1635 ................................................................................................... 7
15 U.S.C. § 1635(a) .............................................................................................. 7
15 U.S.C. § 1635(f) ............................................................................................... 7
15 U.S.C. § 1639 ................................................................................................... 2
15 U.S.C. § 1640 ................................................................................................... 7
15 U.S.C. § 1640(e) ........................................................................................... 3, 7
Bus. & Prof. Code § 17200 ........................................................................... passim
Bus. & Prof. Code § 17500 ................................................................................. 11
Cal. Fin. Code § 4970 ....................................................................................... 2, 5
Cal. Fin. Code § 4970(a) ....................................................................................... 5
Cal. Fin. Code § 4970(b) ............................................................................... 2, 4, 5
Cal. Fin. Code § 4970(b)(1) .................................................................................. 5
Cal. Fin. Code § 4970(b)(2) .................................................................................. 6
Civ. Code § 1710 ............................................................................................. 3, 16

## Rules

F.R.C.P. 12(b)(6) .............................................................................................. 4, 17
F.R.C.P. 12(f) ...................................................................................................... 17
F.R.C.P. 9(b) ............................................................................................... 3, 15, 16

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 13, 2008, or as soon after that as this matter can be heard, in Courtroom F of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, defendants Countrywide Home Loans, Inc. ("CHL") and Countrywide Bank, N.A. ("Countrywide Bank") ("Defendants") will, and hereby do, move this Court, the Honorable Magistrate Judge James Larson presiding, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing the following claims in Plaintiff Wes Wright's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted: (1) First Cause of Action for "Violation of Financial Code Section 4970, Et Seq."; (3) Third Cause of Action for "Violation of Business and Professions Code Section 17200 et seq."; (4) Fourth Cause of Action for "Preliminary and Permanent Injunction"; and (5) Fifth and Sixth Causes of Action for "Intentional Fraud CC § 1710" and "Negligent Fraud, Deceit CC § 1710."[1]

Defendants also will, and hereby do, move this Court under Federal Rule of Civil Procedure 12(f) for an order striking  the Prayer for damages and paragraphs 43, 46 and 47 regarding 15 U.S.C. § 1639 under Plaintiff's Second Cause of Action for "Violation of the Truth in Lending Act."

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, exhibits attached to the concurrently-filed Request for Judicial Notice, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Dated:  July 7, 2008                              **BRYAN CAVE LLP**


                                                  By:    /s/ James Goldberg
                                                        James Goldberg
                                                  Attorneys for Defendants
                                                  COUNTRYWIDE HOME LOANS, INC., and
                                                  COUNTRYWIDE BANK, N.A.

---

[1] Plaintiff's Seventh Cause of Action for "Negligence" is not asserted against CHL or Countrywide Bank.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Wes Wright is apparently disappointed with the terms of his mortgage loan and home equity line of credit ("HELOC") and seeks various remedies, including damages, rescission and injunctions, against Defendants Countrywide Home Loans, Inc. ("CHL"), Countrywide Bank, N.A. ("Countrywide Bank") and Napa Land Title Company for alleged improprieties in his transaction.  Plaintiff's First Amended Complaint ("FAC") contains six causes of action against CHL and Countrywide Bank (sometimes referred to as "Defendants") for (1) violation of California Financial Code Section 4970; (2) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); (3) unfair business practices under California Business and Professions Code Sections 17200 *et seq.*; (4) preliminary and permanent injunction; (5) intentional misrepresentation and (6) negligent misrepresentation.  Plaintiff's claims are based on his allegations that the terms and conditions of his refinance mortgage loan and home equity line of credit are different than what he was supposedly "told" over the telephone and at a "meeting."

Plaintiff's first claim for violation of Financial Code Section 4970 fails because Plaintiff fails to plead facts to establish his mortgage loan is "covered" under Section 4970(b).   Plaintiff also fails to attach to the FAC the Promissory Note for his mortgage, his HELOC agreement or any other documentation pertaining to his loans, despite referring to these documents throughout his FAC.  Plaintiff cannot amend to allege facts that would establish his first loan is a "covered loan," because, among other things, the amount ($476,000) exceeds the most current conforming limit for Fannie Mae loans ($430,000) and his total fees at closing totaled $6,413.90, which is less than 6 percent of the total $476,000 loan amount.  Cal. Fin. Code § 4970(b).  *See* Request for Judicial Notice ("RJN").

Plaintiff's second claim for damages based on violations of TILA and the Home Ownership and Equity Protection Act, 15 U.S.C. Sections 1639 *et seq.* ("HOEPA"), fails because the claim is barred by the applicable one-year statute of limitations found in 15

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1   U.S.C. Section 1640(e) .  Further, because HOEPA is not applicable to Plaintiff's loan, his

2   claims based on HOEPA violations in paragraphs 43, 46 and 47 should be stricken.

3        Plaintiff's third claim for violation of California Business & Professions Code

4   Sections 17200 *et seq.* ("Section 17200") fails because it is predicated on violations of the

5   Financial Code and TILA.  The Financial Code does not apply because, among other

6   things, Plaintiff does not allege any facts or attach any documents that would demonstrate

7   that his loan meets the Code's requirements for coverage.  Because the Financial Code

8   does not apply, it cannot provide the predicate for Plaintiff's Section 17200 claims.

9   Claims under Section 17200 based on violations of TILA are preempted by the regulations

10  promulgated by the Office of Thrift Supervision ("OTS").

11       Plaintiff's fourth claim for preliminary and permanent injunction fails because he

12  has not tendered or indicated that he will tender the amount due to Countrywide Bank to

13  prevent a foreclosure sale.

14       Finally, Plaintiff's fifth and sixth claims for intentional and negligent

15  misrepresentation under Civil Code Section 1710 fail because they do not meet the

16  heightened pleading requirements set forth in Rule 9(b).  Rather, Plaintiff's claims are

17  based on alleged generic "representations" by "Defendants" or "Defendants Countrywide,"

18  which apparently pertain to the terms of his loan, but Plaintiff does not state with

19  specificity the "who, what, when, where, and how."  Further, Plaintiff's fraud allegations

20  based on violations of TILA are preempted.

21       For all these reasons, all but Plaintiff's claim for rescission, contained in his second

22  claim under TILA, should be dismissed.

23  **II.    PLAINTIFF'S CONCLUSORY ALLEGATIONS**

24       Plaintiff alleges that he took out two loans on his home – a first mortgage and a

25  second HELOC – on January 5, 2007, with Defendants.  (FAC ¶ 17.)  He fails to allege the

26  amount of the mortgage loan (or the HELOC), what the APR on his mortgage loan was at

27  consummation, what the yield was then on Treasury securities having comparable periods

28  of maturity, or what were the total points and fees paid for the first mortgage loan.

1   Plaintiff also fails to attach any documentation related to his loan, like the mortgage loan,

2   TILA disclosure or Settlement Statement (known as a HUD-1), despite referring to this

3   documentation throughout his FAC.  (*See* FAC ¶¶ 14-19, 21, 22.)

4        As the accompanying Request for Judicial Notice ("RJN") establishes, Plaintiff

5   obtained a first mortgage in the amount of $476,000, well in excess of the current

6   conforming loan limit established by Fannie Mae in 2006 of $417,000 referenced in

7   Financial Code Section 4970(b), the benchmark Treasury bill rate was 4.72% and

8   Plaintiff's total fees and points at closing were $6,413.90.  (RJN, Exs. C, E and F.)

9   **III.   ARGUMENT**

10       Motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) test the

11  legal sufficiency of the complaint.  *See Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d

12  1228, 1232 (C.D. Cal. 2007).  Courts should grant Rule 12(b)(6) motions if there is a

13  "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a

14  cognizable legal theory.'"  *Id.* (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

15  699 (9th Cir. 1990)).  Generally, in reviewing a Rule 12(b)(6) motion to dismiss, "the

16  Court must accept as true all material allegations in the complaint, as well as all

17  inferences."  *Coughlin v. United Van Lines*, 362 F. Supp. 2d 1166, 1167 (C.D. Cal. 2005).

18       A court is not required to accept contentions, arguments or conclusions of law, or

19  Plaintiff's conclusory allegations or unreasonable inferences.  *Western Mining Council v.*

20  *Watt*, 643 F. 2d 618, 624 (9th Cir. 1981).

21       Further, the court may disregard allegations that are contradicted by exhibits to the

22  complaint, or by documents referred to in the complaint and considered pursuant to

23  judicial notice.  *Durning v. First Boston Corp.*, 815 F. 2d 1265, 1267 (9th Cir. 1987).

24       Further, a court can dismiss claims without granting leave to amend if amending the

25  complaint would be futile.  *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir.

26  2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the

27  district court did not err in preventing such futility.").

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    Pursuant to these standards, all of Plaintiff's claims against Defendants should be

2  dismissed, except for portions of his claim for rescission under TILA.

3    **A.    The Court Should Dismiss Plaintiff's First Claim for Violation of**

4    **Financial Code Section 4970 Because He Alleges No Facts Showing It**

5    **Applies**

6    Lenders that violate California Financial Code Section 4970 with respect to

7  "covered loans" are subject to statutory and punitive damages.  Cal. Fin. Code §§ 4970(a),

8  (b).  California Financial Code Section 4970(b) defines a "covered loan" as:

9

10    a consumer loan in which the original principal balance of the loan does not

11    exceed the most current conforming loan limit for a single-family first

12    mortgage loan established by the Federal National Mortgage Association in

13    the case of a mortgage or deed of trust, and where one of the following

     conditions are met: (1) … the annual percentage rate at consummation of the

14    transaction will exceed by more than eight percentage points the yield on

15    Treasury securities having comparable periods of maturity on the 15th day of

16    the month immediately preceding the month in which the application for the

     extension of credit is received by the creditor.  (2) The total points and fees

17    payable by the consumer at or before closing for a mortgage or deed of trust

18    will exceed 6 percent of the total loan amount.

19  Cal. Fin. Code §§ 4970(b).

20    The "most current conforming loan limit" is $417,000.[2]  (*See* Req. for Jud. Notice

21  ("RJN") Ex. D; *see also* http://www.fanniemae.com/aboutfm/loanlimits.jhtml.)

22    Plaintiff fails to state a claim under Financial Code Section 4970 because he fails to

23  allege the amount of his first mortgage loan and, further, fails to allege that it is an amount

24  less than $417,000.  Plaintiff also does not allege facts that would establish either

25  requirement in Section 4970(b)(1)("the annual percentage rate at consummation of the

26  transaction will exceed by more than eight percentage points the yield on Treasury

27  _____

28  [2] The $417,000 limit was established and has remained in place since 2006.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor") or the requirement in Section 4970(b)(2) that total the points and fees exceed 6 percent of the total loan amount.  Consequently, his Financial Code claim fails.

Further, Plaintiff cannot amend to state facts sufficient to state a cause of action under Financial Code Section 4970 because the documentation shows that his loan does not qualify under that Code.  Plaintiff's loan is not a "covered loan" under Financial Code Section 4970(b) because the Note, Deed of Trust and Mortgage Record reveal that the principal amount of Plaintiff's first mortgage was $476,000 – significantly exceeding $417,000.  (*See* RJN, Ex. A, B at p. 2(f) and C at line 202.)  As such, Plaintiff's loan is not a "covered loan" under Section 4970(b).  Further, Plaintiff cannot allege sufficient facts to establish that the APR exceeds the relevant yield on treasury securities (4.72%) by more than 8 percentage points.  The yield on 30-year Treasury securities as of December 15, 2006 was 4.72%.  That plus 8 percentage points equals 12.72%.  (RJN, Ex. F.)  The Note indicates that the "interest rate will never be greater than 9.950%."  (RJN, Ex. A, p. 2, ¶ 2(D).)  Finally, Plaintiff's total fees at closing totaled $6,413.90, which assumes that all the settlement charges paid on page 2, lines 803 through 1206 are in fact "points and "fees" as defined by Section 4970(b)(2) (a conservative assumption).  This total is far less than 6 percent of the total $476,000 loan amount as required by Section 4970(b)(2).  (*See* RJN Ex. C, p. 2, lines 803, 804, 808–811, 901, 1001, 1004, 1008, 1101, 1109, 1111, 1112, 1201 and 1206, which total $6,413.90.)

Because Plaintiff has not pleaded facts to establish his first mortgage is a "covered loan" under the California Financial Code, he has no right of action under that Code and has no claim for punitive damages.  Dismissal of this claim with prejudice is warranted because no amendment can change the fact that Plaintiff's loan is not "covered."  *See Vasquez*, 487 F.3d at 1258.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

**B.** <u>Plaintiff's Prayer for Damages Under His Second Claim for Violation of TILA Should Be Stricken</u>

TILA requires lenders to disclose certain information about the terms of a loan to prospective borrowers.  15 U.S.C. § 1601 *et seq.*  A borrower may bring an action for violation of TILA's disclosure obligations.  15 U.S.C. §§ 1635, 1640.  The time period to bring an action for *damages* under TILA is one year from the date of the violation.  15 U.S.C. § 1640(e).  The time period to bring an action for *rescission* is three years from the date of the violation.  15 U.S.C. §§ 1635(f).[3]  The date of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Here, Plaintiff alleges that Defendants violated TILA Section 1635(a) by "failing to deliver to plaintiff two copies of the notice of right to rescind and one copy of the initial Regulation Z disclosure statement for each of the loans extended."  (FAC ¶ 45.)  Plaintiff also makes similar allegations based on violations of HOEPA Sections 1639(a) and (e).  (FAC ¶¶ 46, 47.)  In his Prayer, Plaintiff seeks *damages* under Section 1640.  (FAC, Prayer, Second Cause of Action ¶¶ d, e, f, g.)  Plaintiff signed his loan documents, including the Notice of Right to Cancel, on January 5, 2007.  (FAC ¶¶ 15, 20.)  Thus, the time period for Plaintiff to bring TILA claims for *damages*, finance charges and fees and attorney's fees under Section 1640 expired on January 5, 2008, one year after the date of the alleged violations.  *Meyer*, 342 F.3d at 902.  Plaintiff did not commence this lawsuit until April 1, 2008, almost three months after the limitations period expired.  As a result, his TILA claim for damages is time-barred, and the corresponding requests in the Prayer, paragraphs d, e, f and g, should be stricken from the FAC.

---

[3] HOEPA is an amendment to TILA, and thus has the same statute of limitations.  *See*, *e.g.*, *Wise v. Mortgage Lenders Network USA, Inc.*, 420 F. Supp.2d 389, 393 n.4 (E.D. Pa. 2006).

**C.      Plaintiff's HOEPA Allegations Should Be Stricken Because His Loan Does Not Trigger HOEPA**

Plaintiff alleges that Defendants violated HOEPA (i) by "failing to deliver to plaintiff a copy of the disclosure for the two loans three business days prior to consummation of the transaction" and (ii) because "the aggregate amount of the regular periodic payment would not fully amortize the outstanding principal balance." (FAC ¶¶ 46, 47.)

HOEPA is an amendment to TILA that imposes disclosure requirements on originators of certain "high-cost loans" if the following conditions apply:

a.  The annual percentage rate at consummation will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or

b.  The total points and fees payable by the consumer at or before the loan closing will exceed the greater of 8 percent of the total loan amount, or $400.

12 CFR § 226.32.

Plaintiff makes only a factually unsupported, conclusory allegation regarding subsection (a). (*See* FAC ¶ 43.) The second claim fails to state a claim under Section 1639 because Plaintiff fails to allege facts regarding what the APR was on his first mortgage loan at consummation, what the yield was then on Treasury securities having comparable periods of maturity (30 years), or what were the total points and fees paid for his first mortgage loan. Thus, Plaintiff has failed to allege facts that would establish that HOEPA is applicable to his loan, and paragraphs 43, 46 and 47 should be stricken.

Moreover, paragraphs 43, 46 and 47 should be stricken without leave to amend. At the time of Plaintiff's transaction in January 2007, his $476,000 loan

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1 principal would only be subject to HOEPA if it had either an APR of 14.72%[4] or

2 "points and fees" exceeding $38,080 (8% of the loan principal).  Yet, Exhibits A

3 (p. 1, ¶ 2) and B (attached "Monthly Adjustable Rate Payoption Rider," p. 1, ¶ 2)

4 referenced throughout the FAC shows a 6.875% APR at consummation, which is

5 well below the HOEPA trigger, and the HUD-1 (Ex. C) shows settlement charges

6 of approximately $6,413.90 (less than 1.5% of the principal loan amount), which is

7 also well below the HOEPA trigger.  Thus, HOEPA is not applicable to Plaintiff's

8 mortgage loan, and his claims based on HOEPA violations in paragraphs 43, 46

9 and 47 should be stricken without leave to amend.

10     **D.**     **The Court Should Dismiss Plaintiff's Third Claim Under Section 17200**

11         **Because It Is Based on Financial Code Sections That Are Inapplicable**

12         **and TILA Claims That Are Preempted**

13     Plaintiff's third claim for violation of Section 17200 is predicated solely on alleged

14 violations of the Financial Code and TILA.  (FAC ¶ 52.)  However, because the Financial

15 Code does not apply, it was not violated and cannot provide the required "unlawful, unfair

16 and/or fraudulent" business practices to support a Section 17200 claim.  *See* Bus. & Prof.

17 Code § 17200.  Further, claims under Section 17200 based on violations of TILA are

18 preempted, as demonstrated below.

19     **1.**     **The Ninth Circuit's TILA Preemption Analysis**

20     Congress enacted the Home Owners' Loan Act ("HOLA") in 1933 "as a result of its

21 dissatisfaction with state regulation of home financing." *Bank of Am. v. City and County*

22 *of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002).  The Office of Thrift Supervision ("OTS"), "an

23 office of the Department of Treasury, was thus created and vested with plenary authority to

24 administer the HOLA." *Id.*  Countrywide Bank is a federal savings association, regulated

25 by the OTS.  *See* Press Release, Office of Thrift Supervision, *OTS Approves Countrywide*

26 *Application* (Mar. 5, 2007), *available at* http://www.ots.treas.gov/docs/7/777014.html.

27 ───────────────
[4] 14.72% = 10 percentage points, plus 4.72% yield on 30-year Treasury securities on

28 December 15, 2006.  (*See* RJN F, http://www.federalreserve.gov/releases/h15/data.htm.)

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

As part of its regulatory authority, the OTS has promulgated a preemption regulation:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c).[5]

12 C.F.R. § 560.2(a).  For the purposes of Section 560.2, the term "state laws" "includes any state statute, regulation, ruling, order or judicial decision." *Id*.

Section 560.2(b) goes on to list the categories of state laws that are preempted by OTS regulation.  One of these categories is applicable to this case:

> [T]he types of state laws preempted by paragraph (a) of this section, include, without limitation, state laws purporting to impose requirements regarding:
> . . . .
> (9) Disclosure and advertising, including laws requiring specific

---

[5] Paragraph (c) of Section 560.2 states:

> (c) State laws that are not preempted. State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section:
>         (1) Contract and commercial law;
>         (2) Real property law;
>         (3) Homestead laws specified in 12 U.S.C. 1462a(f);
>         (4) Tort law;
>         (5) Criminal law; and
>         (6) Any other law that OTS, upon review, finds:
>                 (i) Furthers a vital state interest; and
>                 (ii) Either has only an incidental effect on lending
>                 operations or is not otherwise contrary to the purposes
> expressed in paragraph (a) of this section.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants.

12 C.F.R. § 560.2(b)(9)

The Ninth Circuit recently provided the following guidance for whether a state law is preempted by the OTS regulations:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008) (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)).

In *Silvas*, plaintiffs filed a class action complaint against E*Trade Mortgage Corporation because E*Trade failed to refund plaintiffs' interest rate lock-in fee after plaintiffs rescinded their mortgage. *Id.* at 1003. Plaintiffs brought claims under Sections 17200 and 17500 of the California Business and Professions Code. *Id.* The Ninth Circuit affirmed the district court's application of field preemption to bar plaintiffs' claims:

> HOLA, through OTS, preempted the entire field of lending regulation. UCL § 17500 and § 17200, as applied, are specifically listed under § 560.2(b) as types of state laws OTS intended to preempt. Our analysis ends there.

*Id.* at 1008.

Applying *Silvas*, the court in *Reyes v. Downey Savings and Loan Ass'n*, 541 F.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    Supp.2d 1108, 1113 (C.D. Cal. 2008), dismissed Section 17200 claims, noting:

2        States may not avoid preemption by adopting federal laws and adding

3        supplemental remedies.  *See Public Util. Dist. No. 1 v. IDACORP Inc.*,

4        379 F.3d 641, 648-49 (9th Cir. 2004).  It becomes clear that states are

5        adding supplemental remedies 'if there are procedural differences between

6        the state law and the federal law.'  *E\*Trade*, 421 F. Supp. 2d at 1320.  In

7        this case, there a such procedural difference.  While TILA only provides

8        for a one-year statute of limitations period, the UCL provides for a four-

9        year statute of limitations period.  *Id.*  This procedural difference amounts

10       to state regulation of savings associations since it alters the rule

11       controlling how the associations operate.  Plaintiffs' use of the UCL as

12       predicated on TILA is preempted.  The Motion to Dismiss is GRANTED

13       as to Plaintiffs' second claim for relief without leave to amend.

14   *Reyes*, 541 F. Supp.2d at 1115.

15       Applying this analytical framework, Plaintiff Wes Wright's Section 17200 claim is

16   preempted.

17            **2.    To the Extent Based on Alleged TILA Violations, Plaintiff's**

18                    **Section 17200 Claim is Preempted**

19       Under the Ninth Circuit's analysis, the first step is to determine if Plaintiff's Section

20   17200 claim is a type of state law contemplated by the categories of Section 560.2(b).  "If

21   it is, the preemption analysis ends."  *Silvas*, 514 F.3d at 1006.

22       Here, Plaintiff's Section 17200 claims are entirely predicated on either alleged

23   Financial Code violations or TILA violations, specifically practices relating to disclosures.

24   (FAC ¶ 52.)  Because Section 560.2(b)  specifically lists "disclosures" as a category of

25   preempted state law, the Section 17200 claims remaining (after the Financial Code claim is

26   dismissed) are preempted.  *See Silvas*, 514 F.3d at 1006.

27       Moreover, here, just as in *Reyes*, Plaintiff predicates his Section 17200 claims on

28   violations of TILA.  (FAC ¶¶ 52 (d), (e).)  Because of the procedural difference in Section

1  17200 and TILA – e.g., one-year versus four-years statutes of limitations – Plaintiff's "use

2  of the UCL as predicated on TILA is preempted."

3      Because Plaintiff's claim is based on a type of law listed in paragraph (b) of Section

4  560.2, the Court need not address whether the law fits within the confines of paragraph (c)

5  of Section 560.2.  *See Silvas*, 514 F.3d at 1006-7.  But even if disclosures were not

6  specifically identified in paragraph (b) of Section 560.2, Plaintiff's Section 17200 claims

7  would still be preempted because the law affects lending and it cannot clearly be shown to

8  fit within the confines of paragraph (c) of Section 560.2.  *Silvas*, 514 F.3d at 1007, n.3;

9  Further, "any doubt should be resolved in favor of preemption."  *See Silvas*, 514 F.3d at

10  1005.

11      To the extent that Plaintiff alleges that CHL operated as "an agent for Countrywide

12  Bank N.A." (FAC ¶ 4), CHL is also entitled to preemption of the Section 17200 claims.

13  That is, if a loan is originated by a federal savings association, such as Countrywide Bank,

14  and the loan is transferred to a non-federal savings association, the preemption status of the

15  originating lender determines the preemption status of the loan throughout its term.  *See*

16  *Krispin v. May Dep't Stores Co*., 218 F.3d 919, 924 (8th Cir. 2000) ("it makes sense to

17  look to the originating entity (the bank), and not the ongoing assignee (the store), in

18  determining whether [preemption] applies"); *Federal Deposit Insurance Company v.*

19  *Lattimore Land Corp*., 656 F.2d 139, 148-49 (5th Cir. 1981) (applicable usury restriction is

20  the restriction to which the originator of the loan was subject, not restriction that would

21  have been applicable to the assignee had it originated the loan).  Thus, because

22  Countrywide Bank is entitled to preemption as the loan originator, that preemption status

23  carries over to CHL as the alleged servicer of the loan.

24      Because the Financial Code does not apply and claims under Section 17200 based

25  on violations of TILA are preempted, the Court should dismiss Plaintiff's claim for

26  violation of Section 17200 with prejudice and without leave to amend.

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

**E.**    <u>**Plaintiff's Fourth Claim for Preliminary and Permanent Injunction**</u>
<u>**Fails to Allege Tender of Payment**</u>

In his fourth claim, Plaintiff seeks to enjoin Defendants from foreclosing on his home.  (FAC ¶¶ 62-63.)  Plaintiff alleges that he "has been unable to make his loan payments" and that his payments are more than his "available income and availability to pay."  (*Id.* ¶ 61.)  However, Plaintiff cannot challenge a foreclosure without first tendering the full amount due.  Plaintiff does not allege that he will tender the amount due and admits to the contrary that he cannot make such payment.

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."  *Karlsen v. American Savings and Loan Association*, 15 Cal. App. 3d 112, 117 (1971).  That is, an "action to set aside the sale, unaccompanied by an offer to redeem, would *not* state a cause of action which a court of equity would recognize."  *Id.* at 118 (emphasis in original).  The Court went on to state:

> [P]laintiff was both at the time of the exercise of the power of foreclosure and is now in substantial default in the performance of the obligation of her contract and that she has in no manner shown by the evidence any ability to presently relieve herself from such defaults.  *Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.*

*Id.* (internal quotations omitted, emphasis in original).

Here, as in *Karlsen*, Plaintiff is in default and has affirmatively alleged that he cannot tender the amount due.  (FAC ¶¶ 61-63.)  Under such circumstances, an injunctive remedy is futile because there is no allegation that Plaintiff can ever cure the default.  For this reason the fourth claim should be dismissed.

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

**F.    Plaintiff's Fifth and Sixth Claims for Intentional and Negligent Fraud Under Civil Code Section 1710 Fail to Plead with the Requisite Specificity**

**1.    A Fraud Claim Must Plead "Who, What, When, Where and How"**

Rule 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under this rule, it is required that "'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (*quoting Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In other words, Plaintiff is required to plead "the 'who, what, when, where, and how' that would suggest fraud . . . ." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (*quoting DiLeo v. Ernst & Young*, 901 F.2d 624, 627-28 (7th Cir. 1990)).

Furthermore, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 -765 (9th Cir. 2007) (*quoting Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla. 1998)). "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d at 764 (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

**2.    Plaintiff Fails to State a Claim for Fraud**

Plaintiff's allegations of fraud and negligent misrepresentations under Civil Code

BRYAN CAVE LLP    TWO EMBARCADERO CENTER, SUITE 1410    201 CLAY STREET    SAN FRANCISCO, CA 94111-3907

Section 1710 ("fraud claims") are based on generic "representations" made by "Defendants" or "Defendants Countrywide" that apparently pertain to the terms of his loan. (*See* FAC ¶¶ 10, 12, 67, 69, 70, 84.) Plaintiff does not state with particularity or specificity the "who, what, when, where, and how." Rather, Plaintiff generically alleges vague oral representations:

- "Defendants told Plaintiff that they could get him a new single loan … ." (FAC ¶ 67.)

- "Defendant Countrywide' [sic] agents made numerous representations and assurances to Plaintiff that they could make a new loan for Plaintiff which would lower his principal and interest payment to about $1,700.00 per month." (FAC ¶ 69.)

- "Defendants represented that Plaintiff had sufficient income to qualify for a new loan." (FAC ¶ 70.)

Plaintiff further alleges that loan documentation "contained inaccurate and false income figures" (FAC ¶ 74), but fails to identify what document contains what false number and how that differs from some "true number." These allegations are insufficient to apprise Defendants of the misrepresentations of which Plaintiff complains.

Moreover, Plaintiff improperly lumps multiple defendants together – "Defendant Countrywide" and/or "Defendant" – but does not differentiate between defendants. (*See* FAC ¶¶ 67, 69, 70, 84.) Rule 9(b) does not allow such generic pleading. *Swartz*, 476 F.3d at 764-765. As with *Swartz*, Plaintiff's FAC "is shot through with general allegations that the 'defendants' engaged in fraudulent conduct…." Such allegations "without any stated factual basis are insufficient as a matter of law." *Id.* Plaintiff's fifth and sixth "causes of action" are fatally generic and should be dismissed for failure to comply with the heightened pleading requirement of Rule 9(b).

### G.    Plaintiff's Fraud Allegations Based on Alleged TILA Violations Are Preempted and Should be Stricken

Because the Court may grant Plaintiff leave to amend to plead fraud with more

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  specificity, Defendants ask the Court to strike the introductory paragraphs of each of the

2  fraud claims, paragraphs 65 and 83, on preemption grounds, under *Silvas*, supra.

3  Paragraphs 65 and 83 each incorporate by reference the allegations contained in

4  paragraphs 1 through 49.  Paragraphs 13 to 49 in particular are replete with allegations

5  regarding TILA-required documents, such as the Good Faith Estimate and Disclosure

6  Statements, and include the entire Second Cause of Action for Violation of the Truth in

7  Lending Act, paragraphs 38 to 49.  Plaintiff's state law fraud claims, to the extent they rely

8  on such allegations, are preempted by TILA.  These two introductory paragraphs also

9  incorporate paragraphs 32 and 37 of the Financial Code, even though it is not applicable.

10 Thus, the paragraphs in the fraud claims incorporating the earlier allegations of paragraphs

11 1 to 49 should be stricken.

12 **IV.    CONCLUSION**

13      For all the reasons stated above, Defendants respectfully request the Court dismiss

14 Plaintiff's first, third, fourth, fifth and sixth causes of action pursuant to Federal Rule of

15 Civil Procedure 12(b)(6).  Further, Defendants respectfully request that the Court strike

16 Plaintiff's request for damages and paragraphs 43, 46 and 47 in his second "cause of

17 action" pursuant to Federal Rule of Civil Procedure 12(f).

18 Dated:  July 7, 2008                    Respectfully submitted,

19                                         **BRYAN CAVE LLP**

20

21                                         By:    /s/ James Goldberg
                                                  James Goldberg
22                                         Attorneys for Defendants
                                           COUNTRYWIDE HOME LOANS, INC., and
23                                         COUNTRYWIDE BANK, N.A.

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1  .

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

| | |
|---|---|
| WES WRIGHT, individually and on behalf of the general public, | Case No. C 08-02721 JL |
| Plaintiff, | (Napa County Superior Court Case No. 26-40623) |
| vs. | **[PROPOSED] ORDER ON MOTION TO DISMISS AND STRIKE PURSUANT TO FED. R. CIV. PROC. 12 (B)(6) AND 12(F)** |
| COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE BANK, N.A., NAPA LAND TITLE COMPANY, and DOES 1-20 | [Filed concurrently with Notice of Motion and Motion to Dismiss and Strike; Memorandum of Points and Authorities; and Request for Judicial Notice] |
| Defendants. | Date:        August 13, 2008<br>Time:        9:30 a.m.<br>Courtroom:   F, 15th Floor<br>Chief Magistrate Judge James Larson |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907

1    Defendants Countrywide Home Loans, Inc. ("CHL") and Countrywide Bank,

2  N.A.'s ("Countrywide Bank") ("Defendants") Motion to Dismiss and Strike the First

3  Amended Complaint ("FAC") of Plaintiff Wes Wright ("Plaintiff") came on for hearing

4  before this Court on August 13, 2008.  The Court, having heard oral argument, considered

5  the papers filed both in support and in opposition to the Motion, and good cause appearing,

6  hereby GRANTS Defendants' Motion, and ORDERS as follows:

7        1.    Plaintiff's first cause of action for "Violation of Financial Code Sections

8              4970 Et Seq." is dismissed without leave to amend;

9        2.    Plaintiff's Prayer for damages under his second cause of action for

10             "Violation of the Truth in Lending Act," paragraphs d, e, f and g, are

11             stricken;

12       3.    Paragraphs 43, 46 and 47 under Plaintiff's second cause of action for

13             "Violation of the Truth in Lending Act" are stricken;

14       4.    Plaintiff's third cause of action for "Unfair Business Practices in Violation

15             of  Business and Professions Code Section 17200 et seq." is dismissed

16             without leave to amend;

17       5.    Plaintiff's fourth cause of action for "Preliminary and Permanent

18             Injunction" is dismissed without leave to amend;

19       6.    Plaintiff's fifth cause of action for "Intentional Fraud CC § 1710" is

20             dismissed; and

21       7.    Plaintiff's sixth cause of action for "Negligent Fraud, Deceit CC § 1710" is

22             dismissed.

23

24  **IT IS SO ORDERED.**

25

26  Dated: _____                    _____

27                                              Judge of District Court

28

[PROPOSED] ORDER RE MOTION TO DISMISS AND STRIKE

1  Respectfully submitted by:

2  Dated:  July 7, 2008                    **BRYAN CAVE LLP**

3

4                                          By:  ___/s/ James Goldberg_____
                                                 James Goldberg
5                                          Attorneys for Defendants
                                           COUNTRYWIDE HOME LOANS, INC.,
6                                          COUNTRYWIDE BANK, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
TWO EMBARCADERO CENTER, SUITE 1410
201 CLAY STREET
SAN FRANCISCO, CA 94111-3907